Peter A. Arhangelsky (SBN 291325)
peter.arhangelsky@gtlaw.com
GREENBERG TRAURIG, LLP
2735 E. Camelback Rd., Suite 800
Phoenix, AZ 85016

G. Michelle Ferreira (SBN 178108)
ferreiram@gtlaw.com
Courtney A. Hopley (SBN 263647)
hopleyc@gtlaw.com
GREENBERG TRAURIG, LLP
101 2nd St., Ste 2200
San Francisco, CA 94105

*Attorneys for Plaintiff Carlson-Wee*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MORRIS OLAF CARLSON-WEE, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Morris Olaf Carlson-Wee ("Carlson-Wee" or "Plaintiff") files this Complaint against Defendant, the Internal Revenue Service, to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## INTRODUCTION

1. Plaintiff brings this action to compel the IRS to produce agency records wrongfully withheld in connection with a FOIA request submitted on March 26, 2025. That request seeks information relevant to an ongoing and unusually expansive audit of Mr. Carlson-Wee, including third-party financial records and internal agency correspondence relating to that audit.

2. Despite statutory obligations under FOIA, the IRS has failed to produce the requested documents or provide an adequate justification for its continued delay. The agency acknowledged receipt of the FOIA request and issued a letter on April 18, 2025 extending its response deadline to May 7, 2025. That deadline has passed, and the IRS has not produced responsive documents or issued a denial.

3. Mr. Carlson-Wee is an entrepreneur in the digital asset space. As the founder and CEO of Polychain Capital and a former executive at Coinbase, he has been subject to IRS scrutiny. These demands exceed the scope of a conventional IRS examination and lack justification under applicable limitations periods, creating a pressing need for transparency into the agency's conduct and so Plaintiff can properly defend himself.

4. Plaintiff seeks injunctive and declaratory relief ordering the IRS to promptly produce records responsive to the FOIA request, as well as attorneys' fees and costs incurred in prosecuting this action.

## JURISDICTION AND VENUE

5. The FOIA, 5 U.S.C. § 552, confers jurisdiction on district courts to order the production of agency records improperly withheld.

6. This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The Court also has personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in the United States District Court for the Central District of California, Western Division, pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), because Plaintiff resides in this district.

8. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff M. Olaf Carlson-Wee is an individual who resides in Los Angeles, California. He is a prominent public figure and entrepreneur in the cryptocurrency and digital asset industry. Mr. Carlson-Wee is the founder and Chief Executive Officer of Polychain Capital, a blockchain-focused investment fund. He is widely recognized as a thought leader in the crypto finance sector.

10. Plaintiff has been the subject of a prolonged and unusually expansive IRS audit, which now spans tax years 2013 through 2020—despite the statutory expiration of the applicable civil limitations period for assessing tax for most of those years.

11. Plaintiff submitted a request for agency records to the IRS under the FOIA on March 26, 2025. *See* Exh. FF. The requested records are essential for Plaintiff and his representatives to appropriately respond to the IRS's audit and immediately defend himself in response to an IRS summons served on Plaintiff for testimony in July 2025.

12. Defendant IRS is an agency of the United States within the Department of the Treasury and is headquartered at 1111 Constitution Avenue NW, Washington, D.C. 20224. The IRS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The

IRS has possession, custody, or control of the records that Plaintiff seeks and is legally obligated to comply with FOIA's disclosure requirements.

# FACTS

### A.  Statutory Framework

13. The FOIA was enacted to ensure public access to federal government records and to promote transparency and accountability in government decision-making.

14. Under FOIA, federal agencies are required to make records available to the public upon request, unless one or more of nine specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A), (b)(1)–(9).

15. Agency records are subject to the FOIA if the agency created or obtained them, and the agency controlled them when the FOIA request was made. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

16. An agency must respond to a FOIA request within twenty (20) business days after receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may, in "unusual circumstances," extend the response deadline by no more than ten (10) additional business days, provided it notifies the requester in writing and explains the need for the extension. 5 U.S.C. § 552(a)(6)(B)(i).

17. Upon determining that it will withhold records in whole or in part, the agency must specify the legal basis for the withholding and inform the requester of the right to appeal that determination. 5 U.S.C. § 552(a)(6)(A)(i).

18. The agency bears the burden of justifying its refusal to produce requested records. 5 U.S.C. § 552(a)(4)(B); *Ctr. for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 940 (9th Cir. 2021); *Tax Analysts*, 492 U.S. at 142 n.3.

19. Even where an exemption applies, FOIA requires agencies to release any reasonably segregable portion of a responsive record that is not exempt from

disclosure. 5 U.S.C. § 552(b); *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 785 (9th Cir. 2022).

20. The agency must prove that it "fully discharged its obligations under the FOIA, after the underlying facts and the inferences drawn from them are construed in the light most favorable to the FOIA requester." *Elec. Priv. Info. Ctr. v. Customs and Border Prot.*, 160 F.Supp. 3d 354, 357 (D.D.C. 2016).

21. FOIA grants a requester the right to sue in federal district court if an agency fails to make a timely determination or unlawfully withholds requested records. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

### B.    The IRS Examination

22. "The Federal tax system is basically one of self-assessment." 26 CFR § 601.103(a). "In general each taxpayer … is required to file a prescribed form of return which shows the facts upon which tax liability may be determined and assessed." *Id.*; *Kahn v. United States*, 753 F.2d 1208, 1213 (3d Cir. 1985). "After the returns are filed and processed in internal revenue service centers, some returns are selected for examination." 26 CFR § 601.103(b).

23. On August 25, 2022, the Internal Revenue Service informed Plaintiff that his 2019 income tax return had been selected for examination. Attached hereto as **Exhibit A** is a copy of the IRS's initial audit letter dated August 25, 2022. The IRS would broaden this examination several times.

24. On or about November 16, 2022, Plaintiff received an IRS Letter 3164-E informing him that it was expanding the scope of the inquiry to include both the 2019 and 2020 tax years. A true and correct copy of the November 16, 2022 Letter 3164-E is attached hereto as **Exhibit B**.

25. On or about August 3, 2023, the IRS informed Plaintiff that it had again expanded the examination to include tax years 2013 through 2020. A copy of that correspondence, IRS Letter 2205-A, is attached hereto as **Exhibit C**.

5

26. The expiration of the three-year statute of limitations period for assessment of tax in I.R.C. § 6501(a) substantially predates the expansion of the examination to include tax years as early as 2013. Plaintiff has not executed any waivers extending the limitations period for the earlier tax years, and the IRS has not credibly alleged fraud or substantial underreporting to justify application of statutory exceptions to the statute of limitations period for assessment of tax.

27. Despite the absence of an apparent justification under applicable law, the IRS—acting through Revenue Agent Ryan Scott—has demanded records from Plaintiff and third parties covering every tax year from 2013 through 2020, including years for which the IRS would be time-barred from assessing additional tax.

28. Between December 14, 2023 and June 2, 2025, Agent Scott issued no fewer than twenty-five (25) third-party summonses to financial institutions and service providers seeking records for tax years 2013 through 2020. A chart listing each third-party summons by recipient, issuance date, and the corresponding exhibit designation is provided below:

| Summoned Entity | Date of Summons | Exhibit |
|---|---|---|
| Gemini Trust Company LLC | 12/14/2023 | E |
| Coinbase Inc. | 12/14/2023 | F |
| APEX Clearing Corporation | 12/14/2023 | G |
| Bank of America, N.A. | 8/14/2024 | H |
| U.S. Bank National Association | 8/14/2024 | I |
| Payward Interactive, Inc. (Kraken) | 8/14/2024 | J |
| BITTREX Inc. | 8/14/2024 | K |
| National Financial Services LLC | 9/5/2024 | L |

| Summoned Entity | Date of Summons | Exhibit |
|---|---|---|
| PayPal Holdings, Inc. | 10/2/2024 | M |
| Fidelity Workplace Services, LLC | 10/2/2024 | N |
| Silvergate Bank | 2/12/2025 | O |
| Flagstar Bank (Signature Bank) | 2/12/2025 | P |
| FDIC (Receiver for Signature Bank) | 3/24/2025 | Q |
| Coinbase Inc. | 5/6/2025 | R |
| First Republic Bank | 5/6/2025 | S |
| Metropolitan Commercial Bank | 5/12/2025 | T |
| JPMorgan Chase Bank, N.A. | 5/12/2025 | U |
| American Express | 5/12/2025 | V |
| Northbrook Bank & Trust | 5/13/2025 | W |
| Wealthfront Brokerage Corporation | 5/13/2025 | X |
| JPMorgan Chase Bank, N.A. | 6/2/2025 | Y |
| Genesis Global Holdco, LLC | 6/2/2025 | Z |
| Circle Internet Financial, LLC | 6/2/2025 | AA |
| Cumberland DRW LLC | 6/2/2025 | BB |
| Gemini Trust Company LLC | 6/2/2025 | CC |

29. Agent Scott never directly asked Plaintiff to produce many of the documents sought through these third-party summonses. In several instances, the records pertain to entities in which Plaintiff does not maintain a majority or controlling ownership interest. Multiple institutions contacted by the IRS have advised that they no longer possess responsive records.

7

30. The documents obtained through these third-party summonses consist of objective financial and transactional records that are not subject to any FOIA exemption, particularly given that they allegedly pertain to Plaintiff's own financial affairs. Plaintiff requires access to these materials to meaningfully prepare for IRS interviews, evaluate the factual basis for the agency's audit, and defend against any proposed adjustments.

31. On January 30, 2025, Plaintiff's representatives requested that Agent Scott produce copies of documents he obtained through the above third-party summonses. At that meeting, Agent Scott suggested that he might produce those documents within several weeks. The data reflects Plaintiff's own tax information. Later that same day, however, Scott sent an email rejecting that approach and stating that Plaintiff would need to file a formal FOIA request to obtain that material. A true and correct copy of Mr. Scott's January 30, 2025 email is attached hereto as **Exhibit EE** (stating that, "In the end, a FOIA might be required.").

C. **Plaintiff's FOIA Request**

32. On March 26, 2025, Plaintiff, through counsel, submitted a FOIA request to the IRS under 5 U.S.C. § 552 and I.R.C. § 6103(c), seeking records relating to the IRS's audit of Plaintiff's federal income tax returns for tax years 2013 through 2024. A true and correct copy of Plaintiff's FOIA request is attached hereto as **Exhibit FF**.

33. Plaintiff's representatives submitted that FOIA request by facsimile to the IRS's Governmental Liaison and Disclosure Services (GLDS) unit. The request included (a) a detailed cover letter outlining the scope and purpose of the request; (b) a signed Power of Attorney (IRS Form 2848) designating Plaintiff's authorized representatives; and (c) an affidavit from Plaintiff's counsel, Courtney A. Hopley, confirming her authority to act on Plaintiff's behalf.

8

34. In his March 26, 2025 letter, Plaintiff requested the following categories of records:

    a. A complete copy of the Taxpayer's administrative file and/or audit file, including but not limited to, the revenue agent report ("RAR"), fraud referral request ("FAR"), fraud referral report, the Fraud Technical Advisor's recommendations and any other supporting documentation in the Taxpayer's audit file. The requested documentation includes all workpapers, audit reports, audit narratives, history sheets, progress reports, notes, preliminary, intermediate or final drafts, correspondence, memoranda, charts, schedules, spreadsheets, "RARs," "FARs," information received from any state, local or foreign tax agencies, records of any sort of meetings, invoices, financial statements, calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape records, microfilm, microfiche, computer tape, computer disk, computer printout, computer cards, and all other responsive writings and recordings of any kind that are in the Internal Revenue Service's actual or constructive possession, custody or control;

    b. Copies of any account statements, financial records, or any other documents received from any bank or other financial institution;

    c. Any additional records received from, correspondence with, or requests made of any foreign tax authority;

    d. All correspondence between the Internal Revenue Service and any third party related to the income tax audit of the Taxpayer's 2013 through 2024 tax years;

    e. All internal correspondence (electronic or documentary, including handwritten) between auditors, audit supervisors, field office, division counsel, national office, chief counsel, and others at the Internal Revenue Service relating to any aspect of the income tax audits of the Taxpayer for the 2013 through 2024 tax years;

  f. All third-party contacts and related documents produced by such third parties, along with any memoranda, notes or other memorialization of the contacts;

  g. All documents related to interviews conducted as a part of the audit, including but not limited to the names of those interviewed and attempted to be interviewed, interview questions, interview notes, documents received or sent, recordings of interviews, and information relating to dates and times of interviews;

  h. All notes, drafts, and versions of all documents produced in response to Items 1 through 7 of Plaintiff's FOIA request.

35. The records requested are subject to disclosure under the FOIA. *See, e.g.*, 26 U.S.C. § 6103(e)(1) (allowing a taxpayer to inspect his own "return information").

36. Plaintiff requested delivery of responsive records in paper or electronic form. He authorized payment of reasonable search or duplication costs.

### D. Defendant's Failure to Comply

37. The FOIA imposes a legal obligation on federal agencies, including the IRS, to conduct a prompt and reasonable search for non-exempt records upon receipt of a proper request and to make those records available unless a valid statutory exemption applies. *See Lee v. U.S. Att'y for S. Dist. of Fla.*, 289 F. App'x 377, 380 (11th Cir. 2008) (per curiam).

38. Plaintiff's March 26, 2025 FOIA request complied with all statutory requirements. It described the records sought, identified the relevant tax years (2013–2024), and enclosed proper authorizations and supporting documentation.

39. On or about March 28, 2025, the IRS acknowledged receipt of the FOIA request and assigned it Case No. 2025-11913. A true and correct copy of the IRS's acknowledgment letter is attached hereto as **Exhibit GG**.

40. On or about April 23, 2025, Plaintiff received a letter from the IRS dated April 18, 2025, invoking a 10-business-day statutory extension pursuant to 5 U.S.C. § 552(a)(6)(B)(i). A true and correct copy of that extension notice is attached hereto as **Exhibit HH**.

41. The IRS stated that additional time was required to search for and collect records from multiple locations and to review a large volume of responsive documents. The letter advised that the statutory response deadline had been extended to May 7, 2025, and that Plaintiff would be entitled to initiate legal proceedings if the IRS failed to respond by that date. *Id.*

42. As of the filing of this Complaint, Plaintiff has not received any responsive records or a final determination from the IRS indicating whether the request is granted, denied, or partially fulfilled. Nor has the IRS provided a projected production timeline or identified any FOIA exemptions applicable to the requested records.

43. Instead, the IRS is conducting an irregular examination using tactics calculated to harass or burden, and concurrently refuses to release critical information to the Plaintiff or his representatives. The IRS has withheld critical documents—including records obtained through more than two dozen third-party summonses—despite having initially indicated to Plaintiff's representatives on January 30, 2025 that such records might be provided.

44. On May 20, 2025, the IRS issued a summons for Plaintiff to appear for an in-person interview in July 2025. IRS personnel attempted to serve that summons through an unannounced visit to Plaintiff's residence. The IRS conducted that visit without first contacting Plaintiff's counsel—despite the IRS's knowledge that Plaintiff was a represented party. A true and correct copy of the May 20, 2025 summons is attached hereto as **Exhibit II**.

45. On June 5, 2025, following a meeting between Plaintiff's representatives and IRS personnel, Plaintiff's representatives agreed to formally accept service of the

summons, while reiterating their concern that Plaintiff could not meaningfully participate in an interview regarding documents he does not have in his possession but which the IRS evidently does possess, some of which dated back more than a decade.

46. At the June 5, 2025 meeting, the IRS advised that it would not provide copies of documents obtained through the third-party summonses. The IRS instead maintained that Plaintiff must pursue that information through the formal FOIA process. The agency nonetheless refused to provide an approximate production date for compliance with the pending FOIA request.

47. Attached hereto as **Exhibit KK** is a true and correct copy of an IRS Summons (dated June 18, 2025) recently issued to Andersen Tax LLC, which represents the Plaintiff in the pending audit. While the summons appears to request tax return preparation communications and work product for the Plaintiff's 2018 and 2019 tax returns, Andersen Tax is also the accounting firm that, under the direction of Plaintiff's counsel (Greenberg Traurig, LLP), advises the Plaintiff on strategies germane to the instant audit, and Andersen's advice is therefore protected by the attorney client and work product privileges.

48. The summons in Exhibit KK will require Plaintiff to undertake a burdensome review and segregation of privileged versus non-privileged material. Rather than requesting return preparation documents directly from the Plaintiff, the IRS has chosen a path that increases complexity, imposes additional costs, and raises concerns about administrative overreach. This conduct reinforces the need for transparency in the IRS's audit practices here.

49. Attached hereto as **Exhibit LL** is a true and correct copy of another IRS summons, this one issued to Circle Internet Financial, LLC, allegedly in connection with the Carlson-Wee audit. Yet the summons is not limited to Plaintiff's records; it seeks information on a broad array of entities affiliated with Polychain, including accounts not owned or controlled by Plaintiff. In doing so, the IRS has improperly

expanded the definition of "taxpayer" and bundled requests concerning multiple distinct entities into a single summons, a procedurally deficient tactic.

50. This pattern of conduct raises serious questions about whether the IRS is leveraging its examination of Plaintiff to gather information for separate, unrelated audits. The IRS's full compliance with Plaintiff's FOIA request is therefore essential to assess the legality and scope of its investigative practices.

51. The IRS's failure to make a timely determination, to identify any applicable exemptions, or begin production of responsive non-exempt records constitutes a constructive denial and a violation of FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i); *Owen v. U.S. Immigr. & Customs Enf't*, No. CV 22-0550, 2023 WL 9470904, at *5 (C.D. Cal. Jan. 12, 2023) (collecting cases).

52. Plaintiff has a statutory right to receive the records requested and to a prompt agency response. The agency's continued noncompliance has forced Plaintiff to initiate this action seeking documents essential to his preparation for a July 9, 2025 IRS interview, and to respond meaningfully to issues raised in the IRS's overreaching audit.

## CLAIM FOR RELIEF

**Count I: Violation of the Freedom of Information Act, 5 U.S.C. § 552**

53. Plaintiff realleges and incorporates by reference the allegations set forth in the above paragraphs as if fully set forth above.

54. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

55. FOIA requires agencies to make a determination within twenty (20) business days of receiving a request, or within thirty (30) business days if a proper extension is invoked. 5 U.S.C. § 552(a)(6)(A)–(B). Failure to meet these statutory deadlines permits the requester to treat the agency's inaction as a final denial and seek immediate judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

56. Plaintiff submitted a procedurally proper and substantively detailed FOIA request on March 26, 2025, seeking clearly described categories of agency records related to a pending IRS audit. *See* **Exhibit FF**. That request was acknowledged by the IRS on March 28, 2025 (**Exhibit GG**), and the agency invoked a 10-business-day extension on April 18, 2025 (**Exhibit HH**), but it failed to respond by the extended deadline of May 7, 2025.

57. The IRS has not issued a final determination, has not produced any responsive records, and has not identified any withheld records or invoked any FOIA exemption under 5 U.S.C. § 552(b). It has also failed to provide a *Vaughn* index or an estimated timeline for future production.

58. The IRS's failure to comply with the FOIA's statutory deadlines, review obligations, and disclosure requirements constitutes an unlawful withholding of agency records and a violation of 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)–(C), and (b).

59. Plaintiff has a legal right to obtain those records, and Defendant has no legitimate basis for its failure to disclose.

60. Plaintiff has exhausted all applicable administrative remedies as required by 5 U.S.C. § 552(a)(6)(C)(i). Defendant concedes that Plaintiff has provided no applicable administrative remedies left to exhaust with respect to the IRS's failure to meet the FOIA response deadlines.

61. Plaintiff is irreparably harmed by Defendant's unlawful retention of requested records, and Plaintiff will continue to suffer irreparable harm unless Defendant conforms its conduct to the requirements of the law.

62. Plaintiff seeks declaratory relief that the IRS's failure to respond constitutes a violation of FOIA, and injunctive relief compelling the IRS to immediately conduct a lawful search and produce all non-exempt records responsive to the FOIA request.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

A. Declare that Defendant's failure to respond to Plaintiff's March 26, 2025 FOIA request within the time period required by law is unlawful under 5 U.S.C. § 552(a)(6)(A).

B. Declare that Defendant's failure to disclose records responsive to Plaintiff's FOIA request violates 5 U.S.C. § 552(a)(3)(A).

C. Expedite this proceeding as provided by 28 U.S.C. § 1657(a).

D. Order Defendant to immediately conduct a reasonable search for all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods sufficient to lead to the discovery of responsive records.

E. Order Defendant to promptly disclose all non-exempt records responsive to Plaintiff's FOIA request, including records obtained from third-party summonses and administrative audit files, and to produce a *Vaughn* index identifying any withheld records and the basis for such withholding.

F. Award Plaintiff his reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

G. Grant any other relief that the Court deems just and proper.

Dated this 24 day of June, 2025.

Respectfully submitted,

 /s/ Peter A. Arhangelsky
Peter A. Arhangelsky
G. Michelle Ferreira
Courtney Hopley
GREENBERG TRAURIG, LLP
*Attorneys for M. Olaf Carlson-Wee*